09-3626-cr
U.S. v. Davis

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2010

Heard: August 30, 2010                    Decided: November 5, 2010

Docket No. 09-3626-cr

- - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,
     Appellee,

          v.

WILLIAM DAVIS,
     Defendant-Appellant.
- - - - - - - - - - - - - - - -

Before:  NEWMAN and RAGGI,  Circuit Judges, and
         RAKOFF,* District Judge.

     Appeal from the August 18, 2009, judgment of conviction of the
United States District Court for the Southern District of New York
(Richard J. Sullivan, District Judge), sentencing the Defendant to
imprisonment for 120 years primarily for sexual exploitation of a
minor.  The Defendant contends that the knowledge of interstate
transmission of a visual depiction of a minor, induced to engage in
explicit sexual conduct, see 18 U.S.C. § 2251(a), must be
contemporaneous with the production of the visual depiction.

     Affirmed.

_____

     *Honorable Jed S. Rakoff, of the United States District Court for
the Southern District of New York, sitting by designation.

Royce Russell, Edmin & Russell, LLP, New York, N.Y., for Defendant-Appellant.

Michael Ferrara, Asst. U.S. Atty., New York, N.Y. (Preet Bharara, U.S. Atty., Aimee Hector, Katherine Polk Failla, Asst. U.S. Attys., New York, N.Y., on the brief), for Appellee.

JON O. NEWMAN, <u>Circuit Judge</u>.

The principal issue on this criminal appeal is a narrow but unsettled issue concerning the temporal aspect of the knowledge requirement of 18 U.S.C. § 2251(a), which punishes inducing a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct. The precise issue is whether the required knowledge (or reason to have such knowledge) that the visual depiction will be transmitted in interstate commerce or mailed must exist at the time that the visual depiction is produced or may be acquired thereafter. This issue arises on an appeal by William Davis from the August 18, 2009, judgment of the District Court for the Southern District of New York (Richard J. Sullivan, District Judge) convicting him, upon a jury's verdict, of one count of sexual exploitation of a minor, two counts relating to child pornography, and one count of being a felon in possession of ammunition. Other issues concern the lawfulness of a search of a safe in the home of Davis's estranged wife and the admission of Davis's prior conviction for sodomy.

We conclude that the knowledge required by section 2251(a) need not be contemporaneous with the production of the proscribed visual depiction and that Davis's other claims lack merit. We therefore affirm.

## Background

Indictment, conviction, and sentence. In a superseding indictment, Count One charged Davis with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), Count Two charged him with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), Count Three charged him with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), and Count Four charged him with attempted distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), 2252A(b)(1). The evidence supporting Count Three established that the minor was Davis's four-year-old stepdaughter. After a jury convicted Davis on all counts, the District Court sentenced him primarily to consecutive terms of 20 years on Count One, 10 years on Count Two, 50 years on Count Three, and 40 years on Count Four, for an aggregate sentence of 120 years. The federal sentence was to run consecutively to the unexpired portion of a state sentence that Davis was then serving.

The relevant facts will be set forth in connection with the discussion of each issue.

Discussion

I. Motion to Suppress

Before trial, Davis moved to suppress evidence obtained without a warrant from a safe that he had left in the home of his estranged wife, Margaret Scriven. The safe contained several CDs with a large quantity of pornographic images of children and five nine-millimeter rounds of ammunition. The Government contended that Davis had abandoned the safe, and "[i]t is settled that a warrantless seizure of property that has been abandoned does not violate the Fourth Amendment." United States v. Springer, 946 F.2d 1012, 1017 (2d Cir. 1991); see United States v. Lee, 916 F.2d 814, 818 (2d Cir. 1990) ("When a person voluntarily abandons property, . . . he forfeits any reasonable expectation of privacy that he might have had in the property.").

After hearing testimony from Scriven and a local detective, the District Court found that Davis had abandoned the safe. This finding is fully supported by testimony that the District Judge was entitled to credit. In an affidavit prior to the hearing, Scriven had stated that in December 2007 she explained to law enforcement officers that she had "kicked [Davis] out" of her apartment after learning that he had sexually abused her daughter. She also stated that between April 2006 and July 2006, Davis had returned to her apartment to retrieve certain of his belongings including his television, computers, and

-4-

electronics and that Davis failed to return calls from her in September 2006 asking him to retrieve the remainder of his belongings from her home. With Scriven's permission, the safe was retrieved and searched in January 2007.

At the hearing, Scriven testified that Davis came to her apartment on at least seven occasions to remove his belongings, that she had given him until June 2006 to remove the remainder of his things from her home, that she went to South Carolina from August until September, and that she changed the locks on her apartment before she left. She further testified that in December 2006, she mailed Davis a letter stating that she had attempted to contact him several times since returning from South Carolina in September and that he had failed to return her calls except to call on December 1, 2006, to complain of having received a subpoena. Scriven stated that Davis had never told her he wanted to come to the apartment to retrieve the safe and that she had never prevented Davis from retrieving his property from her apartment.

The motion to suppress introduction of the contents of the abandoned safe was properly denied.

II. Motion to Admit Davis's Prior Convictions

Also prior to trial, the Government moved to have certain of Davis's prior convictions admitted into evidence. Specifically, the Government sought to admit a 1991 conviction for sodomy by forcible

compulsion, in violation of New York Penal Law 130.50,[2] and 2007 convictions for numerous offenses including sexual assault, rape, and kidnaping. The 1991 conviction involved the sexual assault of Davis's daughter, then aged 12, and his niece, then aged 8; the 2007 convictions involved the rape and kidnaping of a 12 year-old girl.

The Court granted the motion in part and denied it in part. With respect to the 2007 conviction, the Court ruled that "the details of that offense conduct are so likely to inflame the jury," and that "its potential for prejudice, undue prejudice, is very high." However, the Court permitted the admission of the 1991 conviction, pursuant to Federal Rule of Evidence 414, to prove the defendant's "propensity and proclivity," and that, with respect to the balance of relevance and unfair prejudice required by Federal Rule of Evidence 403,[3] the earlier conviction was "less likely to inflame the jury" and "not unduly prejudicial." Once the 1991 conviction was ruled admissible, it was redacted by stipulation to reflect only the fact of conviction upon a guilty plea to a sodomy offense involving a child below the age of 14

---

[2]The motion cited section 130.5, but the citation should have been to section 130.50, as both parties recognize in their briefs. See Brief for Appellant at 18; Brief for Appellee at 25.

[3]Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed R. Evid. 403.

and not the fact that the child was Davis's daughter.

Rule 414 provides:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 414(a).  As used in this rule, "child" means a person under the age of 14.  Fed. R. Evid. 414(d).  This rule is an exception to the usual proscription against admission of prior crimes "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). See <u>United States v. Batton</u>, 602 F.3d 1191, 1198 (10th Cir. 1998).  Acknowledging that Rule 414 "allows for the admission of prior convictions or prior acts of child molestation to prove propensity," the Appellant contends that admission of the 1991 conviction violated Rule 403 because of its prejudicial effect. <u>See</u> Brief for Appellant at 21.

We previously considered the interplay between Rules 414 and 403 in <u>United States v. Larson</u>, 112 F.3d 600, 604–05 (2d Cir. 1997).  We noted that the legislative sponsors of Rule 414 expected that convictions within its ambit would normally be admitted and that their prejudicial value would normally not be outweighed by the risk of prejudice. <u>See</u> <u>id.</u> at 604 (citing legislative history).  Although the 1991 conviction in the pending case is 19 years old, the convictions in <u>Larson</u> were between 16 and 20 years old.  There can be no doubt

-7-

that admission of a prior conviction for child molestation carries a high risk of prejudice for any defendant, especially one charged with sexual exploitation of a minor. However, as the Seventh Circuit has observed, such evidence may be "highly prejudicial" but not necessarily "<u>unfairly</u> prejudicial." <u>United States v. Sebolt</u>, 460 F.3d 910, 917 (7th Cir. 2006) (emphasis in original); <u>see</u> <u>United States v. Guardia</u>, 135 F.3d 1326, 1331 (10th Cir. 1998); <u>Larson</u>, 112 F.3d at 604; <u>United States v. Levy</u>, 594 F. Supp. 2d 427, 439 (S.D.N.Y. 2009) (Chin, J.).

The calibration necessary to distinguish "highly" prejudicial from "unfairly" prejudicial will often be difficult to determine. In this case, the District Judge demonstrated his concern for the issue by excluding the 2007 convictions and encouraging the stipulation that redacted from the record the explosive fact that the victim of the 1991 conviction was the Defendant's daughter. Mindful of the congressional expectations concerning Rule 414, an expectation normally to be honored unless application of the rule would offend the Due Process Clause, we cannot say that the District Court's allowable discretion in the admission of evidence was exceeded in this case.

III. Jury Instruction Concerning 18 U.S.C. § 2251(a)

The Appellant contends that the District Court erred in instructing the jury concerning the temporal aspect of the knowledge requirement of 18 U.S.C. § 2251(a). As relevant to this case, the

statute, the full text of which is set out in the margin,[4] punishes inducing a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct if a defendant knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of

[4]"Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e),[1] if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, [2] if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or [3] if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed." 28 U.S.C. § 2251(a).

-9-

interstate or foreign commerce or mailed.  The Appellant's specific claim is that the required knowledge of the future interstate distribution of the visual depiction must be shown to exist at the time that the depiction is made.  The issue concerning the temporal aspect of the knowledge requirement arose from the jury's question during deliberations.  The jury asked:

> Does Section 2251[(a)] require that the perpetrator knows or has reason to know that the visual depiction will be transported in interstate commerce or mailed at the moment the picture is produced or can that knowledge come about at a later date[?]

The District Judge responded:

> I instruct you that the defendant did not have to know or have reason to know that the visual depiction at issue would be transported in interstate or foreign commerce or mailed at the moment that the visual depiction was produced.  Rather, it is sufficient if you find beyond a reasonable doubt that the defendant knew or had reason to know that the visual depiction at issue would be transported in interstate or foreign commerce or mailed at any time prior to January 4, 2007, the date on which the visual depiction was recovered by law enforcement authorities.

The jury is to be commended for identifying an issue that had escaped the attention of trial counsel (no charge language on the temporal issue was requested by either side) and that apparently has not been adjudicated in any other court.  In resolving the issue, we note at the outset that the words of the statute do not yield a clear answer.  The statute neither explicitly requires knowledge of future interstate transmission to exist at the time the visual depiction is produced nor explicitly contemplates that the knowledge might be

-10-

acquired thereafter.  That absence of a precise textual answer to the jury's question might suggest that, under the so-called "rule of lenity," see United States v. Santos, 553 U.S. 507, 514 (2008), the issue should be resolved in favor of the defendant.  We have been instructed that "[t]he simple existence of some statutory ambiguity, however, is not sufficient to warrant application of [the rule of lenity]." Muscarello v. United States, 524 U.S. 125, 138 (1998).

Two circumstances persuade us to agree that the District Court correctly declined to read section 2251(a) to require the knowledge component of the jurisdictional element of the statute to be formed at the moment the substantive offense conduct occurs.  First, we note that section 2251(a) contains three clauses to indicate how the jurisdictional element of the statute may be satisfied.  The first clause, pertinent to the pending case, specifies that the defendant knows or has reason to know that the visual depiction will be transmitted using a facility of interstate commerce or mailed.  The second clause specifies that the visual depiction was produced or transmitted using materials that have been mailed or shipped in interstate commerce.  The third clause specifies that the visual depiction has been transmitted by any facility in interstate commerce or mailed.  Both of these latter two clauses specify events that need not be contemporaneous with the substantive offense conduct.  The second clause obviously contemplates that the materials used to

-11-

produce the visual depiction were shipped in interstate commerce before the depiction was made. The third clause obviously contemplates that the visual depiction will be shipped in interstate commerce after the depiction is made. Bearing in mind the "'whole act' rule of statutory construction," see United States v. Kozeny, 541 F.3d 166, 171 (2d Cir. 2008) (other internal quotation marks omitted)), we think the first clause of the interstate element best fits with the second and third clauses if a contemporaneous knowledge element is not read into the statute.

Second, the District Court's and our interpretation of the statute implements the congressional purpose to reach those who produce child pornography and thereafter affect interstate commerce. In the findings that accompanied the enactment of provisions that strengthened section 2251 and other statutes concerning child pornography offenses, Congress expressed its concern with those who are engaged in the production of child pornography and are likely to enter the interstate market in child pornography, see Pub. L. No. 109-248 § 501(1)(D)(i), 109 Stat. 587, 623-24 (July 27, 2006). These findings subsequently made in amending existing statutes are not explicitly the sort of [s]ubsequent legislation declaring the intent of an earlier statute" that would be "entitled to great weight," Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 380-81 (1969), but they are somewhat more significant than "[t]he less formal types of

-12-

subsequent legislative history [that] provide an extremely hazardous basis for inferring the meaning of a congressional enactment," Consumer Product Safety Commission v. GTE Sylvania, Inc. , 447 U.S. 102, 118 n.13 (1980). Whatever their force, they indicate congressional interest in broadening the scope of child pornography statutes.

For these reasons, we agree with the District Court that the first clause of the jurisdictional element of section 2251(a) does not require that the knowledge of interstate transmission be contemporaneous with the substantive offense conduct.

## Conclusion

The judgment of the District Court is affirmed.