12-5093-cr
United States v. Donaldson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand fourteen.

PRESENT:  REENA RAGGI,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
           *Appellee*,

     v.                                     No. 12-5093-cr

KEVIN L. DONALDSON,
           *Defendant-Appellant.*

---------------------------------------------------------------------

APPEARING FOR APPELLANT:      MICHAEL W. MARTIN (James A. Cohen, *on the brief*), Lincoln Square Legal Services, Inc., New York, New York.

APPEARING FOR APPELLEE:      AARON J. MANGO, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 11, 2012, is AFFIRMED.

Defendant Kevin L. Donaldson stands convicted after a jury trial of attempted and actual transportation of his minor step-daughters and niece with intent to engage these adolescents in criminal sexual activity, see 18 U.S.C. § 2423(a), (e), and witness tampering as to one of the girls, see id. § 1512(b)(1). Now serving a 40-year sentence, Donaldson challenges (1) the admission into evidence of his past sexual assaults of the aforementioned victims, (2) the sufficiency of the evidence to support conviction, and (3) the effectiveness of his trial counsel. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Past-Assault Evidence

Donaldson does not dispute that his victims' testimony of past sexual assaults when they accompanied Donaldson on road trips was admissible under Fed. R. Evid. 413 and 414. Nevertheless, he faults the district court for not excluding this evidence under Fed. R. Evid. 403. "We accord a district court's evidentiary rulings deference, and [will] reverse only for abuse of discretion," United States v. Cuti, 720 F.3d 453, 457 (2d Cir. 2013), which we do not identify here.

The challenged testimony of past rapes was highly probative of Donaldson's culpable intent in transporting these particular adolescents on the charged occasions. It was further relevant to the jury's assessment of these victims' credibility, which Donaldson attacked by highlighting delay in reporting the charged conduct to the authorities. In such

circumstances, we identify no error in the district court's Rule 403 assessment that the probative value of the past-assault evidence was not substantially outweighed by a danger of unfair prejudice. Indeed, the conclusion comports with our observation that Rule 403 balancing in the context of Rule 414 is necessarily informed by Congress's expectation "that convictions within [Rule 414's] ambit would normally be admitted and that their prejudicial value would normally not be outweighed by the risk of prejudice," which was "an expectation normally to be honored unless application of the rule would offend the Due Process Clause." United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010) (recognizing that evidence of prior child molestation by defendant charged with sexual exploitation of minor "may be highly prejudicial but not necessarily unfairly prejudicial" (internal quotation marks omitted) (emphasis in original)).

Donaldson contends that even if evidence of his prior convictions for sexual assault of minors was admissible, victim testimony regarding the actions underlying those convictions was not. This argument is defeated by precedent. See United States v. Larson, 112 F.3d 600, 605 (2d Cir. 1997) (recognizing admissibility pursuant to Fed. R. Evid. 414 of testimony regarding similar molestation by defendant occurring 16 to 20 years prior to trial). Moreover, we generally do not identify reversible error where, as here, the district court minimized any risk of unfair prejudice through limiting instructions. See United States v. Abu-Jihaad, 630 F.3d 102, 133 (2d Cir. 2010) (rejecting Rule 403 challenge where allegedly prejudicial admitted evidence was accompanied by limiting instructions).

3

In short, Donaldson's Rule 403 challenge to past-assault evidence fails on the merits.

## 2. Sufficiency of the Evidence

While we review Donaldson's sufficiency challenge de novo, we must affirm his conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011).

On appeal, Donaldson attacks the credibility of the three victim-witnesses and argues that letters he sent to one of the victims were not intended to influence her testimony. We must assume that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution. See, e.g., United States v. Abu-Jihaad, 630 F.3d at 134; accord United States v. Anderson, 747 F.3d 51, 60 (2d Cir. 2014). When we apply that standard here, Donaldson's sufficiency challenge necessarily fails.

The three victims' testimony that Donaldson regularly sexually assaulted them on various interstate trucking trips easily supported a finding that he engaged in the charged transportations with the same culpable intent. The fact that he also had a business purpose in making the trips did not preclude a finding of criminal intent to sexually assault his minor passengers. See United States v. Vargas-Cordon, 733 F.3d 366, 377 (2d Cir. 2013) ("Section 2423(a) is concerned not with why a defendant travels, but rather with the question why he transports a minor."); id. at 375 ("[T]he contemplated unlawful sexual

4

activity need not be the defendant's sole purpose for transporting a minor in interstate or foreign commerce."); see also United States v. Anderson, 747 F.3d at 60 ("To sustain the jury's verdict, the government need not disprove every possible hypothesis of the defendant's innocence." (internal quotation marks omitted)).

Further, once the victims' credibility is assumed, Donaldson's letters urging one of his victims to help exculpate him can only be understood to have been an attempt improperly to influence her to testify falsely. See United States v. Thompson, 76 F.3d 442, 452 (2d Cir. 1996) (holding that, in witness tampering prosecutions, "the government must prove that the defendant's attempts to persuade were motivated by an improper purpose"); accord Higgins v. Holder, 677 F.3d 97, 105 n.2 (2d Cir. 2012). Accordingly, Donaldson's sufficiency challenge fails on the merits.

3.    Ineffective Assistance

Donaldson faults trial counsel for failing to object to leading questioning posed by the prosecution to its own witnesses. Although we generally prefer for ineffective assistance claims to be raised under 28 U.S.C. § 2255, see Massaro v. United States, 538 U.S. 500, 504 (2003), we conclude that Donaldson's claim is properly addressed on direct appeal because no development of the record is necessary to conclude that the alleged omission failed to satisfy the two requirements of Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). See United States v. Wellington, 417 F.3d 284, 288 (2d Cir. 2005) (denying ineffective assistance claim on direct review). Decisions about when to object to questions—particularly on grounds of form—are strategic and, thus, absent extraordinary

5

circumstances not present here, failures to object are not evidence of objectively unreasonable representation. See United States v. Cohen, 427 F.3d 164, 170 (2d Cir. 2005) (rejecting ineffective assistance claim based on failure to object because "decisions such as when to object and on what grounds are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so" (internal citations and quotation marks omitted)). In any event, Donaldson cannot show ensuing prejudice because objection likely would not have prevented admission of the resulting testimony, either because the district court would have permitted the question to be answered, see United States v. Salameh, 152 F.3d 88, 128 (2d Cir. 1998), or because the prosecution would have rephrased the question. Moreover, with the credibility of his victims assumed, much less can Donaldson show that the leading adversely influenced the outcome of his trial.

Accordingly, we reject Donaldson's ineffective assistance claim as meritless.

4. Conclusion

We have considered Donaldson's remaining arguments, including those raised in his pro se filings, and we conclude that they too are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6