13-4701-cr
United States v. Vonneida

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2ⁿᵈ day of March, two thousand fifteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          13-4701-cr

DARYL E. VONNEIDA,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Jeffrey L. Ciccone, (Jay S. Ovsiovitch, Assistant Federal Public Defender, *on the brief*), Federal Public Defender's Office, Rochester, N.Y.

Appearing for Appellee:     Tiffany Lee, Assistant United States Attorney, (Marisa J. Miller, Assistant United States Attorney, William J. Hochul, Jr., United States Attorney for the Western District of New York, *on the brief*), Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Daryl E. Vonneida appeals from the judgment of conviction and sentence entered on December 2, 2013 in the United States District Court for the Western District of New York (Siragusa, *J.*) following a trial at which a jury returned a verdict finding Vonneida guilty of all charges in his 14-count indictment. The district court determined that Vonneida qualified as a recidivist under 18 U.S.C. § 3559(e), and sentenced him principally to five life sentences and nine 20-year sentences, all to be served concurrently, upon his conviction of (1) three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a); (2) two counts of transportation of minors with intent to engage in criminal sexual activity, in violation of 18 U.S.C § 2423(a); and (3) nine counts of possession of child pornography, in violation of 18 U.S.C § 2252A(a)(5)(B). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.     Sufficiency of the Evidence

Vonneida argues that there was insufficient evidence to support his convictions on Counts Two and Four, which relate to the production of child pornography, and Counts Six through Thirteen, which relate to Vonneida's possession of child pornography, because none of the eight videos underlying those convictions satisfy the statutory definition for "sexually explicit conduct."

With respect to the production charges, it is illegal to persuade, entice, or coerce a minor to engage in "sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a); *see United States v. Rivera*, 546 F.3d 245, 249 (2d Cir. 2008). Vonneida's possession charges similarly hinge on the finding that he possessed images containing a "visual depiction" involving "a minor engaging in sexually explicit conduct." 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8). "[S]exually explicit conduct" is in turn defined to include, inter alia, "actual or simulated . . . (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(iii)–(v).

"A criminal defendant who challenges the sufficiency of evidence shoulders a heavy burden, but not an impossible one." *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004). "Not only must the evidence be viewed in the light most favorable to the government and all permissible inferences drawn in its favor, but if the evidence, thus construed, suffices to convince any rational trier of fact of the defendant's guilt beyond a reasonable doubt," then the conviction will stand. *United States v. Martinez*, 54 F.3d 1040, 1042 (2d Cir. 1995) (internal citation omitted).

Here, both of the victims depicted in these videos testified that Vonneida routinely instructed them to masturbate or feign injury and death, while Vonneida photographed or filmed the display. Upon independent evaluation of the two DVDs upon which Vonneida's two production convictions were based, we conclude that a reasonable juror could find that Vonneida persuaded the victims to engage in sexually explicit conduct for the purpose of producing a

2

visual depiction of such conduct.  Even absent any lascivious exhibition of the genitals, it is undisputed that one video at least briefly depicts a minor victim complying with Vonneida's request that he masturbate, while another depicts Vonneida pretending to stab and smother the children, whereupon he undresses them to only their underwear and caresses their almost entirely nude bodies.  Indeed, each video upon which Vonneida was convicted contained scenes of simulated killings accompanied by sexual touching of the partially nude victims.  A rational juror could therefore find that each count was sustained by a video depicting simulated sadistic abuse.  *See United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996) (noting that *Webster's Third New International Dictionary* defines sadism as including "the infliction of pain upon a love object as a means of obtaining sexual release").

Vonneida also challenges his two convictions under 18 U.S.C. § 2423(a) for transporting minors across state lines for the purposes of having them engage in illegal sexual activity.  "To secure a conviction under § 2423(a), the government . . . must prove beyond a reasonable doubt that the defendant: (1) knowingly transported a minor across state lines and (2) with the intent that the minor engage in sexual activity for which some person could be criminally charged." *United States v. Vargas-Cordon*, 733 F.3d 366, 375 (2d Cir. 2013).  "The government need not prove, however, that the unlawful sexual activity actually took place: '§ 2423(a) is a crime of intent, and a conviction is entirely sustainable even if no underlying criminal sexual act ever occurs.'"  *Id.* (quoting *United States v. Broxmeyer*, 616 F.3d 120, 129 n. 8 (2d Cir. 2010)). Echoing his first argument, Vonneida challenges these convictions solely on the basis that the videos he produced do not involve sexually explicit conduct so as to qualify as child pornography.  As explained above, we reject this contention.  We therefore reject Vonneida's assertion that the evidence presented to the jury revealed only that Vonneida intended to produce depictions of simulated violence, which would not fall within the statutory ambit of "sexual activity." *See* 18 U.S.C. § 2427 ("In this chapter, the term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography, as defined in section 2256(8).").

## II.    Federal Rule of Evidence 414

Vonneida further argues that the district court abused its discretion by admitting a redacted certified copy of his 1989 judgment of conviction of sexual abuse in the first degree, in violation of N.Y. Penal Law § 130.65(3).  "In a criminal case in which the defendant is accused of an offense of child molestation," Federal Rule of Evidence 414 provides that evidence of the defendant's commission of another child molestation offense is admissible, and "may be considered on any matter to which it is relevant."  Fed. R. Evid. 414(a).  "This rule is an exception to the usual proscription against admission of prior crimes 'to prove the character of a person in order to show action in conformity therewith.'"  *United States v. Davis*, 624 F.3d 508, 511–12 (2d Cir. 2010) (quoting  Fed. R. Evid. 404(b)).  Rather, this Court has "noted that the legislative sponsors of Rule 414 expected that convictions within its ambit would normally be admitted and that their prejudicial value would normally not be outweighed by the risk of prejudice."  *Id.* at 512.  Thus, while the **"**admission of a prior conviction for child molestation carries a high risk of prejudice for any defendant, especially one charged with sexual exploitation of a minor . . . such evidence may be 'highly prejudicial' but not necessarily 'unfairly prejudicial.'"  *Id.* (quoting *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006)).

3

We are unpersuaded by Vonneida's contention that evidence of his 24-year old conviction was unfairly prejudicial.  With respect to its age, "[t]he legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred *more than 20 years before trial*."  *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997) (emphasis added) (affirming admission of victim testimony regarding prior acts of molestation that occurred 16 to 20 years prior to trial); *see also Davis*, 624 F.3d at 511–12 (holding redacted 19-year-old conviction for sodomy by forcible compulsion was properly admitted in prosecution for sexual exploitation of a minor to prove defendant's "propensity and proclivity").

Here, the certificate of conviction included no details regarding Vonneida's prior crime.  In addition, the district court redacted from the certificate the words "violent felony offense" as well as the sentence imposed.  The nature of Vonneida's prior offense could thus be inferred only to a limited extent from the district court taking judicial notice of the 1989 definition of first degree sexual abuse.  Under these circumstances, we cannot say the district court abused its broad discretion, *see United States v. Miller*, 626 F.3d 682, 687–88 (2d Cir. 2010), in deciding to admit this one limited piece of propensity evidence, among the many more inflammatory options available.  Furthermore, under Rule 414, Vonneida's propensity to commit child molestation was probative of his intent that a minor engage in criminal sexual activity, which was centrally disputed in this case.

We similarly dismiss Vonneida's assertion that this evidence was rendered cumulative by counsel's stipulation that Vonneida had produced child pornography ten years earlier in connection with the conduct underlying his unchallenged conviction for production of child pornography under Count One of the indictment.  At least in some circumstances, the prosecution cannot be compelled to stipulate away its evidence.  "Indeed, the Supreme Court has noted specifically that the government generally has a right to present evidence, rather than accept a stipulation, to establish the 'human significance' of the fact and 'to implicate the law's moral underpinnings.'"  *United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (quoting *Old Chief v. United States*, 519 U.S. 172, 187–88 (1997)) (holding district court did not abuse its discretion in admitting images and videos of child pornography because "the stipulation was not an adequate substitute for the evidence offered"); *see also United States v. Chevere*, 368 F.3d 120 (2d Cir. 2004) (holding district court lacked discretion to permit defendant to stipulate to prior conviction in prosecution for being a felon in possession of a firearm).

## III.    Sentencing

Finally, Vonneida asserts that the district court erred by rejecting his argument that a jury was required to determine whether he had a qualifying predicate conviction so as to trigger the enhanced penalty provision in 18 U.S.C. § 3559(e) for defendants who have sustained "a prior sex conviction in which a minor was the victim."  We review de novo "the scope of a district court's authority to make factual findings."  *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008) (quoting *United States v. Rosa*, 507 F.3d 142, 151 & n.8 (2d Cir. 2007)).  Here, Vonneida's reliance on the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is misplaced, as that case clearly stated "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id.* at 490 (emphasis added).

4

Moreover, our case law regularly presumes that it is the responsibility of the district court to perform this legal inquiry.  *See, e.g.*, *United States v. Rood*, 679 F.3d 95, 98 (2d Cir. 2012) ("Because the congruency of the Ohio and federal statutes could not be determined from their text alone, the District Court was required to analyze whether the facts underlying the state conviction satisfied the elements of the federal statute."); *see also United States v. Barker*, 723 F.3d 315, 321 (2d Cir. 2013); *United States v. Beardsley*, 691 F.3d 252, 270–72 (2d Cir. 2012).

We have considered the remainder of Vonneida's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk