*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    106589
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

DARYL E. VONNEIDA,
                    Appellant.
_____

Calendar Date:  June 3, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                    _____

        John R. Trice, Elmira, for appellant.

        Joseph G. Fazzary, District Attorney, Watkins Glen (John C. Tunney of counsel), for respondent.

                    _____

McCarthy, J.

        Appeal from a judgment of the County Court of Schuyler County (Morris, J.), rendered December 19, 2013, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the second degree (three counts).

        Defendant was charged in a four-count indictment with repeated sex crimes against three children under the age of 13. In satisfaction thereof, he pleaded guilty to three counts of course of sexual conduct against a child in the second degree. While there was no specific sentence commitment, defendant was promised that the sentences would run concurrently to the sentence to be imposed upon his convictions in federal court for production of child pornography and other crimes.  He was

thereafter sentenced to life imprisonment on the federal charges (United States v Vonneida, 601 Fed Appx 38 [2d Cir 2015]). County Court imposed a sentence of seven years on each count, to be served consecutively to one another but concurrently to the federal sentence.  Defendant appeals.

Defendant contends that he did not receive the effective assistance of counsel in that counsel failed to pursue pretrial discovery and motions.  "It is well settled that in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Wares, 124 AD3d 1079, 1080 [2015], lv denied 25 NY3d 993 [2015] [internal quotation marks and citations omitted]).  Failure to request a suppression hearing or to make a pretrial motion does not, by itself, constitute ineffective assistance, particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy (see People v Rivera, 71 NY2d 705, 709 [1998]; People v Cooper, 126 AD3d 1046, 1047-1048 [2015]; cf. People v Carnevale, 101 AD3d 1375, 1378-1379 [2012]).  Defendant affirmed during the plea that he was "very satisfied" with counsel, who procured a favorable disposition with prison time concurrent to his federal sentence, and nothing in the record indicates a lack of meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]).

We are not persuaded by defendant's remaining argument that the sentences were harsh and excessive, given defendant's extreme abuse of these young children.  Consecutive sentences were authorized for each of these convictions, which involved separate and distinct acts of repeated abuse perpetrated against three different children (see Penal Law § 70.25 [2]; People Salcedo, 92 NY2d 1019, 1021 [1998]).

Peters, P.J., Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court