16-2427-cv
J.S. v. Children of Am., Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of August, two thousand seventeen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                     *Circuit Judges*.

_____

J.S., by and through his mother, N.S., as parent and natural guardian,

                     *Plaintiff-Appellant*,

              v.                                      16-2427-cv

CHILDREN OF AMERICA, INC., CHILDREN OF AMERICA NYACK, LLC,

                     *Defendants-Appellees*.

_____

| | |
|---|---|
| Appearing for Appellant: | Jeffrey M. Herman, Herman Law Firm, P.A. (Stuart S. Mermelstein, Arick W. Fudali, *on the brief*), Boca Raton, FL. |
| Appearing for Appellees: | David S. Rutherford, Rutherford & Christie, LLP (Lauren E. Bryant, *on the brief*), New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant J.S., by and through his mother, N.S., as parent and natural guardian, ("J.S.") appeals the June 20, 2016 judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*) dismissing J.S.'s complaint following a jury trial that resulted in a verdict in favor of Defendants-Appellees Children of America, Inc. and Children of America Nyack, LLC (collectively "COA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

J.S. challenges several evidentiary decisions made by the district court. "We review evidentiary rulings for abuse of discretion, a standard that is met only when the district court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the ranger of permissible decisions." *Sheng v. M&TBank Corp.*, 848 F.3d 78, 84 (2d Cir. 2017) (internal quotation marks and citation omitted). "The hallmark of abuse-of-discretion review is deference." *Restivo v. Hessemann*, 846 F.3d 547, 573 (2d Cir. 2017) (ellipsis omitted) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 155 (2d Cir. 2012)).

J.S. first challenges the admission of Dr. Kaplan's testimony regarding the reliability of child witnesses.

The district court did not abuse its discretion in admitting this testimony over the objection that it was non-responsive. J.S.'s counsel's ambiguous question on cross-examination was so formulated that an answer by Dr. Kaplan affirming that the events described by J.S. would be bad for J.S. could be understood as expressing agreement that the events in fact occurred, which was a central factual question for the jury to decide in this case. The witness was reasonably permitted to explain why he could not accept the premise that J.S. had been molested because of concerns in his field about the reliability of young children witnesses. Dr. Kaplan did not opine on J.S.'s credibility, such as, for example, by stating that he did not believe J.S.'s testimony or thought J.S. was lying. He stated, "We don't know what happened here." App'x at 723. The testimony did not impermissibly interfere with the "well-recognized principle of our trial system that determining the weight and credibility of a witness's testimony belongs to the jury." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (internal quotation marks, brackets, and ellipses omitted).

J.S. next argues that the district court abused its discretion in excluding evidence of Cabrera's admission, guilty plea, and conviction of sexual assault of a different child under Federal Rules of Evidence 415 and 404(b).

We disagree. Rule 415 provides that, "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation." Fed. R. Evid. 415. The text of

Rule 415 speaks only about admission of evidence of sexual assault or child molestation committed by a "party." Fed. R. Evid. 415(a). Cabrera was not a party, and Rule 415 does not address evidence of his subsequent abuse of another child.[1]

Federal Rule of Evidence 404(b) forbids the admission of evidence of "a crime, wrong, or other act" to prove propensity to behave in a certain way, but permits the admission of that evidence "for another purpose." Fed. R. Evid. 404(b). "When reviewing evidence admitted pursuant to Rule 404(b), we consider whether: (1) the prior crimes evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice pursuant to [Federal] Rule [of Evidence] 403; and (4) the court administered an appropriate limiting instruction." *United States v. Curley*, 639 F.3d 50, 56–57 (2d Cir. 2011) (internal quotation marks omitted).

J.S. argues that the evidence of Cabrera's other criminal act was corroborative of J.S.'s evidence that Cabrera fondled him and therefore should have been admitted under Rule 404(b) and should not have been excluded under Rule 403.

The district court did not abuse its discretion in finding that the "other act" evidence had little probative value as proof that Cabrera molested J.S. and that the probative value was substantially outweighed by the danger of unfair prejudice. We have deemed other act evidence admissible where the details of the other act and those of the act at issue were "so nearly identical in method as to ear-mark them as the handiwork of the accused," *United States v. Mills*, 895 F.2d 897, 907 (2d Cir. 1990), and "identical" "in the idiosyncratic details by which this particular [crime] was [perpetrated]," *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984). The district court expressly evaluated the extent of the similarity and dissimilarity and concluded, within its sound discretion, that the other act evidence was sufficiently different that it had little probative value, which was substantially outweighed by the "very strong prejudicial effect it would have." App'x at 122–23; *see United States v. Davis*, 624 F.3d 508, 512 (2d Cir. 2010) ("There can be no doubt that admission of a prior conviction for child molestation carries a high risk of prejudice for any defendant[.]"). J.S. contends there is a "presumption" in Rule 403 balancing in favor of admitting evidence of prior sexual assaults or child molestation under Rule 415. *See Davis*, 624 F.3d at 512 (discussing *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997)). If there is such a presumption, it has no application here as the evidence was not admissible under Rule 415.

J.S. next contends that, while the district court properly admitted testimony from Maria Rodriguez—describing how J.S., during his bath three years after the alleged molestation, first disclosed that he had been touched inappropriately at COA—for the non-hearsay purpose of explaining the delay in reporting, the district court abused its discretion in limiting the testimony on this disclosure and its immediate aftermath and in excluding a video capturing a portion of J.S.'s disclosure. We disagree. The excluded evidence unavoidably included J.S.'s out-of-court statements about Cabrera's actions, which carried a high likelihood that the jury, regardless of the court's instructions, would accept J.S.'s out-of-court statement as powerful evidence of what happened. The proper non-hearsay uses of this evidence were adequately, if not perfectly,

---

[1] We express no view as to whether a different ruling might have been appropriate under Rule 415 if Cabrera had continued to be employed by COA at the time of his subsequent abuse.

communicated by the testimony that the court allowed. It was not an abuse of discretion for the district court to conclude in the circumstances that the proper probative value of the excluded evidence was outweighed by its capacity for prejudice.

Lastly, J.S. challenges two statements made by the district court as impermissibly biased comments on the merits of the case.

On this record, J.S.'s challenge is unavailing. The district court's comments during the testimony of Wendy Misle were designed to clarify Misle's testimony and "minimize possible confusion in the jurors' minds," *Care Travel Co., Ltd v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991), and exhibited no bias. Nor was there bias or advocacy in the district court's limiting instruction during Rodriguez's testimony, which clarified the purpose for which the jury could consider the testimony and "ma[d]e[] it clear to the jury that they are those sole judge of th[e] facts" at issue. *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996). While the district court's description of the COA's argument (that the jury should disbelieve J.S.'s accusation of Cabrera in part because of the three-year delay in J.S.'s first disclosure) as a "legitimate defense" was perhaps not an ideal choice of words, the district court properly explained to the jury that this meant no more than that COA was entitled to make the argument, and that it was "up to [the jury] to decide whether it's a valid defense." App'x at 508. In consideration of the entirety of the charge, we find no likelihood that the jury was misled or that J.S. suffered any prejudice.

We have considered the remainder of J.S.'s arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk