**UNITED STATES of America, Appellee,**

v.

**David A. LARSON, Defendant–Appellant.**

**No. 1177, Docket 96–1576.**

United States Court of Appeals,
Second Circuit.

Argued April 3, 1997.

Decided April 30, 1997.

Stephen V. Manning, Assistant United States Attorney, New Haven, Connecticut (Christopher F. Droney, United States Attorney for the District of Connecticut, James G. Genco, Assistant United States Attorney, Hartford, Connecticut, on the brief), for Appellee.

Theodore S. Wurz, Unionville, Connecticut, for Defendant–Appellant.

Before: OAKES, KEARSE, and ALTIMARI, Circuit Judges.

KEARSE, Circuit Judge:

Defendant David A. Larson appeals from a final judgment of the United States District Court for the District of Connecticut following a jury trial before Dominic J. Squatrito, *Judge*, convicting him of interstate transportation of a minor with intent to engage in criminal sexual conduct, in violation of 18 U.S.C. § 2423(a) (1994). Larson was sentenced principally to 63 months' imprisonment, to be followed by a three-year term of supervised release, and was ordered to pay restitution in the amount of $5,000, a lump-sum fine of $10,000, and an additional fine of approximately $120,000 to cover the expenses of his incarceration and supervised release. On appeal, he contends principally that the district court improperly (a) admitted testimony at trial as to other conduct occurring 16–20 years earlier, and (b) considered similar conduct occurring as much as 23 years prior to trial in calculating his criminal history category under the federal Sentencing Guidelines ("Guidelines"). Finding no basis for reversal, we affirm.

## I. BACKGROUND

The one-count indictment charged that in 1988–1990, Larson had transported a minor from Connecticut to Massachusetts with the intent that the minor engage in sexual conduct with him. At the April 1996 trial, the victim, Furs, testified, *inter alia*, that on numerous occasions beginning when Furs was 13 years of age, Larson had taken him to Larson's cabin in Otis, Massachusetts, under the pretense of working around the cottage and going water-skiing and swimming, and that Larson had plied him with liquor and engaged him in sexual acts.

Prior to trial, the government notified Larson that, with respect to the issue of Larson's intent, it would offer into evidence the testimony of three other witnesses that they had similarly been sexually victimized by Larson when they were minors. Larson moved to preclude the testimony of these three witnesses on the ground that the events to which they were to testify had occurred too long ago. To the extent pertinent to this appeal, the district court ruled that the testimony of one Stevens as to events that had occurred 16–20 years before trial would be allowed, and that the testimony of one Walsh as to events that had occurred some 21–23 years before trial would be excluded.

Analyzing the proffered evidence under Fed.R.Evid. 404(b) and 414, the court found that the testimony, offered for purposes other than to show Larson's criminal propensity, was within the scope of both Rules, and found that it would be probative of intent because it revealed

> a similarity to the alleged sex acts performed; a similarity in the methodology of enticing the alleged victims with the use of defendant's sporting equipment; a similarity in the provision of alcohol to the minors; and a similarity in the location of the alleged offenses ... where the[ boys] were transported by the defendant.

(April 9, 1996 Trial Transcript ("Tr.") 5.) However, performing a Rule 403 balancing analysis, weighing the probative value of the evidence against its potential for unfair prejudice, the court granted the motion to exclude the testimony of Walsh, who would have described acts that occurred "more than 21 years ago" (Tr. 6). The court concluded that the Walsh events were

> too remote in time to have any probative value in this case and that, to the extent Mr. Walsh's testimony would be admissible under Rule 414, I find that any probative value is substantially outweighed by the resulting danger of unfair prejudice to Mr. Larson in having to defend allegations so remote in time. This unfair—this danger of unfair prejudice also applies to admitting the testimony of Mr. Walsh under 404(b).

(Tr. 7). In contrast, as to the testimony of Stevens, the court

> f[ou]nd that the events underlying [his] testimony are not so remote in time so as to constitute unfair prejudice to the defendant. I also find that [his] testimony of

uncharged acts of sexual conduct is admissible under either Rule 404(b) or 414 because it goes to the presence of a common scheme or plan on the part of the defendant and also is relevant to the defendant's intent and motive in the commission of the charged offense....

(Tr. 7). The court accordingly concluded that, despite the passage of more than 16–20 years since the events to which Stevens would testify, the probative value of his testimony would outweigh its potential for unfair prejudice.

Stevens's testimony at trial, as anticipated, was similar to the testimony of Furs in its description of locale, enticements, use of alcohol, and sexual activity. Stevens testified that Larson had first molested him when Stevens was 12 and continued to do so for some four years until he was 16. The court instructed the jury that it could consider Stevens's testimony only for the limited purpose of determining whether Larson intended to engage in criminal sexual activity with Furs when he took Furs to Massachusetts:

> The Government has offered the testimony of an individual other than of Mr. Furs concerning alleged acts by Mr. Larson at the cabin in Otis, Massachusetts. It is important that you understand that this evidence is being offered only for a limited purpose and that you may consider it only for that limited purpose.
>
> David Larson is not charged in this case with any crime involving Mr. Stevens.
>
> The evidence is being offered for the limited purpose of addressing whether the defendant, on those occasions where he traveled with Mr. Furs to Massachusetts, had the intent to engage in criminal sexual activity. You may consider this evidence only for this purpose. You may not consider it as evidence of a general criminal propensity on the part of the defendant.

(Tr. 146–47.)

Following the jury verdict of guilty, the government, noting that Larson had no prior convictions, moved for an upward departure in criminal history category ("CHC"). In connection with that motion, the district court received testimony of Walsh that had not been permitted at trial. Walsh testified that Larson had first molested him in Connecticut around his 13th birthday and continued to do so on almost a daily basis for some two years. Walsh also testified that Larson had frequently taken him to the cabin in Otis and molested him there. According to Walsh, there were also other young boys present on the trips to Otis, and he was aware from his conversations with those boys that Larson was molesting them as well.

At the sentencing hearing, the court also received testimony from a third witness, Deland, who testified that Larson had molested him on one occasion when Deland was 14 years old. Deland thereafter had refused to go to Larson's house or to be left alone with Larson.

Based principally on the trial testimony of Stevens and the hearing testimony of Walsh and Deland, the district court found by a preponderance of the evidence that a CHC of I significantly underrepresented Larson's criminal history. Concluding that Larson had engaged in criminal sexual activity with at least three boys in addition to Furs, the court concluded that a single-step departure was insufficient, and it placed Larson in CHC III. The resulting imprisonment range under the Guidelines was 63–78 months, and Larson was sentenced to 63 months. The court noted that even a single-step increase in CHC to II would have resulted in an imprisonment range of 57–71 months and that within that range the court would have sentenced Larson to at least 63 months.

Judgment was entered as indicated above, and this appeal followed.

## II. DISCUSSION

On appeal, Larson contends principally (1) that Stevens's testimony should have been excluded at trial pursuant to Fed.R.Evid. 403 because its prejudicial effect outweighed its probative value, and (2) that the court should not have considered the testimony of Stevens, Walsh, and Deland with respect to the calculation of his CHC. We are unpersuaded by any of his arguments.

## A. *Admissibility at Trial*

 Rule 404(b) provides that, although evidence of a defendant's "other crimes, wrongs, or acts is not admissible to prove 'the character of a person in order to show action in conformity therewith," *see, e.g., Hynes v. Coughlin,* 79 F.3d 285, 290 (2d Cir.1996) (inadmissible to show "propensity"), such evidence is admissible for "other purposes, such as proof of . . . intent," Fed.R.Evid. 404(b). An item of evidence that would be admissible under this Rule may nonetheless be excluded pursuant to Fed.R.Evid. 403 if the trial judge determines that its probative value is substantially outweighed by its potential for unfair prejudice. *See, e.g., Huddleston v. United States,* 485 U.S. 681, 687–88, 108 S.Ct. 1496, 1500–01, 99 L.Ed.2d 771 (1988); Fed. R.Evid. 404(b) Advisory Committee Note (1972). The admission of other-act evidence after the trial court has performed the Rule 403 balancing analysis is reviewable only for abuse of discretion. *See, e.g., United States v. Tarricone,* 996 F.2d 1414, 1422 (2d Cir. 1993); *United States v. Ramirez–Amaya,* 812 F.2d 813, 817 (2d Cir.1987).

 Rule 414, which was enacted by Congress in 1994 as part of the Violent Crime Control and Law Enforcement Act, Pub.L. No. 103–322, § 320935, 108 Stat. 1796, 2135–37, and became effective on July 9, 1995, provides in pertinent part that

[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed.R.Evid. 414(a). As used in this Rule, "child" means a person below the age of 14. Fed.R.Evid. 414(d). We note that where, as here, a witness would testify to acts of molestation that began before the witness was 14 and continued after that age, analysis under Rule 404(b) in addition to Rule 414 will be necessary because the latter Rule, by its terms, authorizes the admission of evidence of molestation only of persons under the age of 14.

The extent to which the court may exclude proper Rule 414 evidence as a result of a Rule 403 balancing analysis has not previously been addressed by this Court. The sponsors of the legislative amendment that introduced Rule 414 noted that, in contrast to Rule 404(b), Rule 414 permits evidence of other instances of child molestation as proof of, *inter alia,* a "propensity" of the defendant to commit child molestation offenses but that

[i]n other respects, the general standards of the rules of evidence will continue to apply, including the restrictions on hearsay evidence and the court's authority under evidence rule 403 to exclude evidence whose probative value is substantially outweighed by its prejudicial effect.

140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (Statement of Sen. Dole); 140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) (Statement of Rep. Molinari). With respect to the Rule 403 balancing, however, the sponsors stated that "[t]he presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice." 140 Cong. Rec. at S12990 (Statement of Sen. Dole); 140 Cong. Rec. at H8992 (Statement of Rep. Molinari (its probative value is "normally" not outweighed)).

The Judicial Conference of the United States opposed enactment of Rule 414 on the grounds, *inter alia,* that, as it reads, the Rule could be interpreted as requiring the automatic admission of uncharged acts of sexual misconduct without consideration of such concerns as a defendant's Sixth Amendment right of confrontation, and without any Rule 403 balancing to exclude evidence that is both unreliable and highly prejudicial. *See* Report of the Judicial Conference on the Admission of Character Evidence in Certain Sexual Misconduct Cases, transmitted to Congress on Feb. 9, 1995, 159 F.R.D. 51, 53 (1995); *see also* 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5416, at 297–300 (Supp. 1996).

 In the present case, the district court evaluated the proffered evidence under both Rule 404(b) and Rule 414, and fully performed a Rule 403 analysis in connection with both. We view Rule 403 analysis in

connection with evidence offered under Rule 414 to be consistent with Congress's intent as reflected in the legislative history quoted above. We note that the government "agrees that ... Rule 414 ... does not mandate the admission of the evidence or eliminate the need for the court to conduct the analysis required under Rule 403." (Government brief on appeal at 21 n. 3.) Accordingly, we turn to Larson's contention that the admission of Stevens's testimony as to acts that occurred 16–20 years before trial constituted an abuse of discretion under Rule 403 because the events were too remote in time.

■ Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability. The evaluation of the proffered evidence in light of these concerns must be made on a case-by-case basis to determine whether the significance of the prior acts has become too attenuated and whether the memories of the witnesses has likely become too frail. Neither Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old. *Cf.* Fed.R.Evid. 609(b) (evidence of more–than–10–year–old conviction inadmissible "unless" court determines its probative value substantially outweighs prejudicial effect); *United States v. Terry,* 702 F.2d 299, 316 (2d Cir.) (upholding *in limine* ruling that 20–year–old narcotics conviction would be admissible), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983). The government has called to our attention a case in which evidence of other acts of child molestation was held admissible though they occurred 11–16 years before trial, *see United States v. Hadley,* 918 F.2d 848, 851 (9th Cir.1990), *cert. dismissed,* 506 U.S. 19, 113 S.Ct. 486, 121 L.Ed.2d 324 (1992), but has found none admitting molestation evidence that was older.

■ The legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred more than 20 years before trial:

No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses. See, e.g., *United States v. Hadley,* 918 F.2d 848, 850–51 (9th Cir.1990), cert. dismissed, [506 U.S. 19] 113 S.Ct. 486 [121 L.Ed.2d 324] (1992) (evidence of offenses occurring up to 15 years earlier admitted); *State v. Plymate,* [216 Neb. 722] 345 N.W.2d 327 (Neb.1984) (molestations more than 20 years earlier admitted).

140 Cong. Rec. at S12990 (Statement of Sen. Dole); *see* 140 Cong. Rec. at H8992 (Statement of Rep. Molinari ("notwithstanding *very* substantial lapses of time" (emphasis added))). *Cf.* 18 U.S.C. § 3283 (1994) (expanding statute-of-limitations period with respect to child molestation offenses by providing that no prosecution for such an offense shall be time-barred "before the child reaches the age of 25 years").

In the present case, the Stevens testimony covered events 16–20 years prior to trial. Those events closely paralleled the events complained of by Furs, taking place in the same geographic locations, with Larson using the same enticements for both boys, plying both with alcohol, and engaging both in similar progressions of sexual acts. The similarity of the events clearly demonstrated the Stevens testimony's relevance. The court was entitled to view both the traumatic nature of the events and their repetition over a span of four years as strong indicators of the reliability of the witness's memory. We see no abuse of discretion in the admission of this testimony.

**B.** *Consideration of the Other–Act Evidence in the CHC Departure*

■ Larson's challenge to the district court's consideration of the testimony of Stevens, Walsh, and Deland in connection with the determination of Larson's sentence need not detain us long. So long as the sentencing court does not rely on misinformation, its "discretion is largely unlimited either as to the kind of information [the court] may consider, or the source from which it may come," *United States v. Sisti,* 91 F.3d 305, 312 (2d Cir.1996) (internal quotation marks omitted), whether or not the evidence was admissible

**606**

at trial, *see, e.g., United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996); Guidelines § 6A1.3. We recently affirmed a criminal history category departure based in part on a 25 year-old conviction. *See United States v. Delmarle,* 99 F.3d 80, 85 (2d Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 1097, 137 L.Ed.2d 230 (1997). The district court determined that the testimony of these three witnesses was sufficiently reliable for the court to consider it, and we see no indication that the evidence was inaccurate. It was properly considered.

Larson's additional contention that the extent of the CHC departure was inappropriate is not reviewable. The district court properly found CHC I, which would reflect a history of little or no prior transgressions, to be insufficient in light of the evidence of Larson's molestation of Stevens, Walsh, Deland, and others. Accordingly, some departure was plainly warranted. Since Larson could have been sentenced to 63 months' imprisonment under either CHC II or CHC III, and since the court stated explicitly that it would impose that sentence under either, we need not consider the contention that the court should not have departed beyond CHC II. *See, e.g., United States v. Bermingham,* 855 F.2d 925, 934–35 (2d Cir.1988).

## CONCLUSION

We have considered all of Larson's arguments on this appeal and have found them to be without merit. The judgment of conviction is affirmed.