**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30381 |
| Plaintiff - Appellee, | D.C. No. CR 09-00022-RFC-1 |
| v. | |
| GERHARD CURTIS STERN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted July 12, 2010
Seattle, Washington

Before:  REINHARDT, GRABER, and PAEZ, Circuit Judges.

A jury convicted Defendant Gerhard Stern of one count of aggravated sexual abuse of his four-year-old daughter.  Defendant appeals on the ground that the district court erred by allowing Defendant's younger sister to testify that he had sexually abused her repeatedly when he was between 11 and 13 years old.  We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

review the district court's ruling for an abuse of discretion. United States v. LeMay, 260 F.3d 1018, 1027 (9th Cir. 2001).

"In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible . . . ." Fed. R. Evid. 414. To determine whether evidence is admissible under Rule 414, several factors are relevant: (1) the similarity of the prior act to the act charged; (2) the closeness in time of the prior act to the act charged; (3) the frequency of prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity for evidence beyond the testimony already offered at trial. LeMay, 260 F.3d at 1027-28.

Here, the district court did not abuse its discretion. Properly citing and applying Rule 414 and the framework set forth in LeMay, the district court permissibly allowed Defendant's sister to testify. The acts of sexual abuse were quite similar because both cases involved very young female victims who are close relatives of Defendant and who were living in his household at the time of the abuse. The passage of time and the small number of victims are not factors in Defendant's favor because there is no indication that he had any similar opportunities to offend target victims of choice, in part because he was incarcerated for a number of the intervening years. Nor does the fact that he

2

engaged in unlawful sexual acts on young female relatives as a teenager, or pre-teenager, and then again as an adult, suggest that the passage of time constitutes an intervening circumstance that favors him under the fourth factor. Contrary to Defendant's argument, the district court also permissibly concluded that the sister's testimony was necessary in view of the other evidence presented at trial, particularly because of the young age of the testifying daughter. Accordingly, more than one of the LeMay factors supported the court's ruling.

AFFIRMED.

*United States v. Stern*, No. 09-30381

PAEZ, J., dissenting:

I respectfully dissent.  I would conclude that the district court abused its discretion in admitting under Federal Rule of Evidence 414 the highly prejudicial, and questionably probative, evidence that Stern had sexually abused his younger sister when he was between 11 and 13 years old.  Of the five *LeMay* factors for determining admissibility of such evidence, I believe that only one—the "necessity of the evidence beyond the testimonies already offered at trial"—weighed in favor of admitting the evidence.  *See United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001).

First, the majority's conclusion that the acts of sexual abuse were "quite similar" fails to account for a significant fact: At the time of the alleged prior abuse, Stern was between 11 and 13 years old, and only four years older than his victim, while he was approximately 27 years older than the four-year-old victim of the charged offense.  At least one military court of appeals has recognized that acts like those here—where the defendant abused someone close to his age as an adolescent—are "extremely dissimilar" to abuse perpetrated as an adult on someone much younger and under the defendant's parental control.  *See United States v. McDonald*, 59 M.J. 426, 430 (C.A.A.F. 2004).  Indeed, evidence that

1

Stern abused his sister when he was a young boy does not suggest that he is a pedophile, or that he takes advantage of positions of authority.

To be sure, in *LeMay*, we upheld the admission of Rule 414 evidence after concluding that a defendant's prior sexual abuse of his cousins was "very similar" to the charged crimes, even though the defendant was only 12 years old at the time of the prior abuse. *LeMay*, 260 F.3d at 1028. There, however, the defendant's prior abuse *did* suggest pedophilia, or a propensity to take advantage of positions of authority. In particular, that defendant was significantly older and larger than his victims in both instances: he had been ten or more years older than the two-year-old and infant victims of his prior crime, and 13–15 years older than the seven- and nine-year-old victims of the crime for which he was being tried. *Id.* at 1022, 1030.

Second, the acts were not close in time—20 years intervened between the abuse of Sonja and the alleged abuse of S. Although courts have sometimes upheld admission of Rule 414 evidence of acts far in the past, the defendant in those cases had been an adult at the time of the prior abuse. *See United States v. Meacham*, 115 F.3d 1488, 1493, 1495 (10th Cir. 1997); *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997); *United States v. McDonald*, 53 M.J. 593, 594–96 (N-M. Ct. Crim. App. 2000).

2

Third, there is no indication that Stern abused anyone else in these intervening 20 years. Even assuming, as the majority does, that he had no opportunity to abuse anyone else in this period, this factor is at best neutral and cannot weigh in favor of admitting the evidence.

Fourth, an important intervening circumstance weighs against admitting the evidence: Stern grew from an adolescent into an adult during the 20 years that passed between the offenses. A military appeals court has recognized a defendant's "growth from childhood to adulthood" constituted a "notable intervening circumstance" weighing in favor of excluding evidence of prior abusive acts. *United States v. Berry*, 61 M.J. 91, 97 (C.A.A.F. 2005). According to that court, we should not simply assume that a defendant's mens rea as an adult is the same as when he was an adolescent because "adolescents undergo a critical period of transition during which they experience rapid transformations in emotional, intellectual, physical, and social capacities" between ages 12 and 17. *Id.* (quoting Kim Taylor-Thompson, *States of Mind/States of Development*, 14 Stan. L. & Pol'y Rev. 143, 152–53 (2003)).

That leaves only the fifth factor—the practical necessity of the evidence—to weigh in favor of admitting the evidence. *See LeMay*, 260 F.3d at 1029. I doubt that necessity alone, however, can justify admitting evidence under Rule 414, as

that would not account for the danger of unfair prejudice to the defendant that Rule 403 requires us to consider. *See* Fed. R. Evid. 403; *LeMay*, 260 F.3d at 1026 ("As long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded.").

Applying the *LeMay* factors, I would conclude that the highly prejudicial testimony of Stern's sister was of limited probative value, and that the district court therefore abused its discretion in admitting it. Because the government made no argument in its briefs that the admission of the evidence was harmless, I would "deem the issue waived" because the error's harmlessness is certainly not "clear beyond serious debate." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1100 (9th Cir. 2005). Indeed, the government itself strongly suggested in its brief that the admission of this evidence was harm*ful*. I would accordingly reverse Stern's conviction and remand for a new trial.