16-1145-cr
*United States v. Vickers*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand seventeen.

PRESENT:  RALPH K. WINTER,
               DENNY CHIN,
               SUSAN L. CARNEY,
                        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                        *Appellee,*

                  v.                                           16-1145-cr

DAVID ALLEN VICKERS,
                        *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                  AARON J. MANGO, Assistant United States Attorney, *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:       LAWRENCE GERZOG, Esq., New York, New York.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant David Allen Vickers appeals a judgment of the district court dated April 5, 2016, convicting him, after a jury trial, of two counts of attempted and actual transportation of a minor in interstate and foreign commerce with intent to engage in criminal sexual activity with such minor. *See* 18 U.S.C. §§ 2423(a),(e). Vickers, who is a truck driver by trade, was convicted on the basis of testimony that, on multiple occasions, he brought two boys, "J.A." and "R.M.," with him on interstate and foreign trucking trips and molested them as part of a larger pattern of child exploitation spanning from the early 1980s until 2007, during which he lured adolescent boys from broken homes into relationships of trust and then sexually abused them. The district court sentenced Vickers principally to concurrent terms of imprisonment of thirty years and life. On appeal, Vickers argues that: (1) the indictment failed to charge an essential element of his crimes of conviction; (2) certain prior act evidence was erroneously admitted; (3) the evidence was insufficient to sustain his convictions; and (4) his sentence is substantively unreasonable. We assume the parties' familiarity with the

- 2 -

underlying facts, procedural history, and issues on appeal and discuss each claim of error in turn.

## 1. Sufficiency of the Indictment

Vickers first argues that the indictment omitted an essential element of his crimes of conviction.

We review legal challenges to a criminal indictment *de novo*. *See United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000). Under the Fifth Amendment's Grand Jury Clause, there are "two constitutional requirements for an indictment." *United States v. Lee*, 833 F.3d 56, 69 (2d Cir. 2016) (quoting *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007)). It must contain (1) "the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend" and it must (2) "enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* (quoting *Resendiz-Ponce*, 549 U.S. at 108). In this vein, Federal Rule of Criminal Procedure 7(c)(1) requires an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." We have noted that "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013) (quoting *United States v. Yannotti*, 541 F. 3d 112, 127 (2d Cir. 2008)). Moreover, even where the indictment fails to allege an element of the offense charged, we will affirm a conviction if we conclude that such error was harmless

beyond a reasonable doubt.  *See Lee*, 833 F.3d at 69 (holding that "the grand jury's failure to allege an [essential] element [of] a felony [offense is not] a structural error that is impervious to harmless-error analysis").

Here, Vickers was charged with violating 18 U.S.C. § 2423, which makes it unlawful for a person to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage . . . in any sexual activity for which any person can be charged with a criminal offense," *id.* § 2423(a), or to attempt to do so, *see id.* § 2423(e).  A defendant may be convicted under 18 U.S.C. § 2423 if it is proved that he "(1) knowingly transported a minor across state lines . . . (2) with the intent that the minor engage in sexual activity for which some person could be criminally charged" under federal, state, or foreign law. *United States v. Vargas-Cordon*, 733 F.3d 366, 375 (2d Cir. 2013).

Vickers claims error because, although the indictment alleged that, between certain approximate dates in the Western District of New York and elsewhere, Vickers "knowingly transport[ed], and attempt[ed] to transport" his minor victims "in interstate and foreign commerce with the intent" to engage in sex acts with them "for which [he] could be charged with a criminal offense . . . [a]ll in violation of Title 18, United States Code, Sections 2423(a) and 2423(e)," App. 19, the indictment did not specify the federal, state, or foreign sex abuse laws under which Vickers could be so charged.

We need not decide whether such an omission was error for, even if it was, the error was harmless beyond a reasonable doubt because (1) before trial, Vickers received a bill of particulars specifying those laws; (2) before trial, the government sought jury instructions trial that would explain such laws (which instructions the jury ultimately received); (3) the jury returned a verdict with special findings "that the defendant intended to engage in sexual activity for which the defendant could be charged with" specific New Jersey, Pennsylvania, New York, and Canadian criminal offenses, Gov't App. 54, 56; and (4) the government presented overwhelming evidence of Vickers's guilt, as discussed below.[1] Accordingly, the putative deficiency in the indictment does not warrant reversal of Vickers's convictions because any such deficiency was harmless beyond a reasonable doubt.

## 2. Evidentiary Rulings on Prior Acts

Vickers next argues that the district court erroneously admitted testimony concerning (1) Vickers's sexual abuse of victims other than J.A. and R.M., including on

---

[1] We note that there is some disagreement among our sister circuits as to whether the underlying sex crimes with which a defendant could be charge are themselves an element of a § 2423 (a) or (e) offense. *Compare United States v. Mannava*, 565 F.3d 412, 415 (7th Cir. 2009) ("The liability created by 18 U.S.C. § 2422(b) [, whose relevant language is identical to § 2423,] depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense in order to preserve the requirement of jury unanimity.") *with United States v. Jockish*, 857 F.3d 1122, 1127 (11th Cir. 2017) (holding that the underlying sex crimes with which a defendant could be charged are "nothing more than a possible means by which a defendant met an element of the offense").

intrastate and interstate trucking trips, and (2) the grooming techniques he employed to secure his victims' trust.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011). Under Federal Rule of Evidence 404(b)(1), evidence of a defendant's prior acts is generally inadmissible to show that he has a propensity to act in a certain manner and acted in accordance with that propensity, except that such evidence is admissible to prove, *inter alia*, "motive, opportunity, intent, preparation, plan, [or] knowledge," provided that the government gives a defendant reasonable notice of its intent to introduce the evidence and for what purpose. Fed. R. Evid. 404(b)(1),(2).

Sexual assault and child molestation cases are different. In such cases, "the court may admit evidence that the defendant committed any other sexual assault" or "any other child molestation" and such "evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a) (assault); Fed. R. Evid. 414(a) (molestation). Indeed, Rules 413 and 414 permit evidence of prior acts of sexual assault or child molestation to prove a defendant's propensity to commit such acts. *See United States v. Davis*, 624 F.3d 508, 511-12 (2d Cir. 2010).

Nevertheless, the admission of all prior act evidence is subject to Rule 403, which permits the district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the

issues, misleading the jury, . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see Davis*, 624 F.3d at 512. At bottom, "so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice," a Rule 403 determination "will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

Vickers concedes that testimony concerning his sexual abuse of other victims is subject to Rules 413 and 414, but submits that such evidence should have been excluded as unfairly prejudicial under Rule 403. He further contends that testimony about the techniques he employed to gain his victims' trust, *e.g.*, having the boys sit on his lap, massaging their feet, sleeping in bed with them, giving them drugs and alcohol, and promising them money in exchange for sex acts, is subject to Rule 404(b), rather than Rules 413 and 414, and thus should have been excluded as impermissible propensity evidence. The government counters that this "grooming evidence . . . was directly tied to" Vickers's sexual abuse of his victims of the charged crimes and was thus properly admitted under Rules 413 and 414. Appellee's Br. at 37.

As to the testimony concerning Vickers's sexual abuse of other victims, we conclude that such evidence was plainly admissible under Rules 413 and 414 because it was probative of Vickers's propensity for sexually abusing adolescent boys who were entrusted to his care -- like J.A. and R.M. In particular, testimony about Vickers's sexual abuse of the victims on trucking trips was probative of his knowledge, intent, and plan

in bringing J.A. and R.M. on the trucking trips charged in the indictment. As to the testimony concerning Vickers' "grooming" of his victims, we conclude that such evidence was admissible even under Rule 404(b), because it was probative of Vickers's knowledge of how to secure adolescent boys' trust so that he could sexually abuse them. We identify no abuse of discretion in the district court's decision to admit all of the challenged testimony under Rule 403. The district court carefully considered the testimony and the purpose for which it was offered, and, indeed, excluded some testimony about certain abuse incidents that did not involve trucking trips and occurred when Vickers was very young because its probative value was substantially outweighed by the danger of unfair prejudice.

**3.      Sufficiency of the Evidence**

Vickers next argues that the evidence was insufficient to support his convictions.

In an appeal challenging the sufficiency of the evidence, we review the evidence in "the light most favorable to the government and credit every inference that the jury might have drawn in the government's favor." *United States v. Salameh*, 152 F.3d 88, 151 (2d Cir. 1998) (per curiam). "A verdict of guilty may be based entirely on circumstantial evidence as long as the inferences of culpability drawn from the circumstances are reasonable." *United States v. MacPherson*, 424 F.3d 183, 190 (2d Cir. 2005). "Nonetheless, a conviction based on speculation and surmise alone cannot stand." *United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir. 1994).

As noted above, 18 U.S.C. § 2423 requires the government to prove that the defendant transported a minor in interstate commerce intending that the minor engage in sex acts that could be charged as a crime under federal, state, or foreign law. *Vargas-Cordon*, 733 F.3d at 375. Illegal sexual activity must be "one of the dominant motives for the interstate transportation of the minors, and not merely an incident of the transportation." *Id.* at 375-76 (internal quotation marks omitted).

Vickers contends that the evidence was insufficient to prove that sexual abuse was a dominant motive of his transportation of J.A. and R.M. in interstate and foreign commerce because the purpose of the trucking trips "was to deliver the cargo tendered for such delivery." Appellant's Br. at 22. We are not persuaded. As the government notes, the relevant question is not the purpose of the trucking trips, but what Vickers's intent was in *bringing J.A. and R.M.* along on such trips. As to that question, the government presented sufficient evidence for a jury to infer that Vickers brought the boys on the trips for the purpose of sexually abusing them. Indeed, J.A. testified that, starting in 1999, when he was just ten years old, Vickers took him on multiple trucking trips from New York to Canada, New Jersey, and Pennsylvania, and back to New York, and that on such trips, in each locale, Vickers sexually abused him by, *inter alia*, touching his penis, having oral sex with him, and ejaculating on his chest. Similarly, R.M. testified that, when he was fifteen and sixteen years old, he went on trucking trips with Vickers from New York to New Jersey and Pennsylvania, and back to New York,

and that on such trips Vickers attempted to and did sexually abuse him in a similar manner. And R.M. testified that, on one trip, Vickers instructed him to hide in the back of the truck to keep from being seen by others when Vickers was making deliveries, suggesting that the boy's presence was something Vickers sought to conceal. Other victims also testified that Vickers also molested them when they accompanied him on trucking trips. Based on this testimony, a jury reasonably could infer that sexual abuse was Vickers's dominant purpose for bringing J.A. and R.M. on the interstate and foreign trucking trips. Accordingly, the evidence was sufficient to convict Vickers for violating 18 U.S.C. §§ 2423(a) and (e).

**4.     Reasonableness of the Sentence**

Vickers's last argues that his life sentence is substantively unreasonable.

Our substantive review of Vickers's sentence is akin "to the consideration of a motion for a new criminal jury trial, which should be granted only when the jury's verdict was 'manifestly unjust,' and to the determination of intentional torts by state actors, which should be found only if the alleged tort 'shocks the conscience.'" *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 122-23 (2d Cir. 2009)). Indeed, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Rigas*, 583 F.3d at 122 (emphasis omitted) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008)).

Vickers submits that the district court's "rote application" of § 2G1.3 mirrors an approach to a child pornography guideline that we held generated a substantively unreasonable sentence in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). Appellant's Br. at 34. We disagree. In *Dorvee*, we vacated a sentence as substantively unreasonable where the district court (1) made clearly erroneous findings of fact about the likelihood that Dorvee would sexually assault a child in the future, (2) "provided no reason why the [statutory maximum sentence imposed] was required to deter Dorvee and offenders with similar history and characteristics," and (3) "considered it a foregone conclusion that the statutory maximum sentence 'probably [would] be upheld' on appeal . . . because [the] sentence was 'relatively far below' the initial, [erroneously calculated,] Guidelines" range. *Id.* at 183-84. The district court made no such errors here. Instead, it properly considered all of the sentencing materials before it and concluded that Vickers's decades-long history of repeatedly molesting young boys, the impact that conduct had on his victims, the likelihood that he would reoffend, and his lack of remorse for his crimes warranted a life sentence. We cannot say that a life sentence is outside "the range of permissible decisions" in this case. *Rigas*, 583 F.3d at 122 (internal quotation marks omitted).

We have reviewed Vickers's remaining arguments and conclude they are without merit. Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 11 -