19-3305-cr
*United States v. Stroming*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.**

PRESENT:
   ROBERT A. KATZMANN,
   RAYMOND J. LOHIER, JR.,
   MICHAEL H. PARK,
        *Circuit Judges*.

UNITED STATES OF AMERICA,

                *Appellee*,

        v.                                             No. 19-3305-cr

JOHN G. STROMING,

                *Defendant-Appellant*.

| | |
|---|---|
| For Defendant-Appellant: | Tina Schneider, Portland, ME. |
| For Appellee: | Carina H. Schoenberger, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant John G. Stroming appeals from an October 7, 2019 amended judgment of the United States District Court for the Northern District of New York, convicting him, following a jury trial, of (1) sexually exploiting a child, in violation of 18 U.S.C. § 2251(a) and (e); (2) committing a felony offense involving a minor by a registered sex offender, in violation of 18 U.S.C. § 2260A; and (3) possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The sole issue on appeal is whether the district court, during the defendant's trial on the said charges of committing sex crimes against a toddler ("V-1"), abused its discretion by admitting evidence of the defendant's prior convictions for crimes of child molestation.

"We review the District Court's decision to admit evidence for abuse of discretion." *United States v. Spoor*, 904 F.3d 141, 153 (2d Cir. 2018).[1] "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a). Any evidence admissible under Rule 414 must also pass the Rule 403 test, which provides that the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403; *see also United States v. Larson*, 112 F.3d 600, 604–05 (2d Cir. 1997) (concluding that Rule 403

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

applies to evidence admissible under Rule 414). Once admitted, the jury may consider that evidence on the issue of the defendant's propensity to commit the charged crime. *See Spoor*, 904 F.3d at 154; Fed. R. Evid. 414(a).

For the following reasons, we hold that the district court did not abuse its discretion in admitting the evidence of the defendant's prior convictions involving child molestation.

*First*, the district court satisfied its obligation to assess the probative value of the evidence at issue. The conduct underlying each of Stroming's three prior convictions—rape, criminal sexual act involving a child, and possession of child pornography—constitutes "child molestation" for the purposes of Rule 414. Fed. R. Evid. 414(d)(2)(B)–(D); *Spoor*, 904 F.3d at 147 n.3 ("[Rule 414] defines 'child molestation' to include production and possession of child pornography."). "In determining the probative value of prior act evidence" under Rule 414, the district court should consider, *inter alia*, "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Spoor*, 904 F.3d at 154.

We conclude that there are sufficient similarities, in terms of the defendant's sexual interest in children, between his prior acts of child molestation and the acts that led to the instant charges. We therefore reject the defendant's hairsplitting arguments that his prior convictions for committing a criminal sexual act against a female teenager are not probative of his propensity to assault a male toddler, and that his prior conviction for possessing an obscene sexual performance by a child does not make it more likely that he would film himself sexually assaulting a toddler. The district court need not find the defendant's prior acts of child molestation nearly identical to those giving rise to the instant charges to find evidence of the prior acts admissible.

3

With respect to the second factor, the acts charged in this case occurred about ten years after committing the child pornography offense and about two years before committing the rape and the criminal sexual act against another child, both of which are within the relevant temporal scope to be probative. *See Larson*, 112 F.3d at 605 ("The legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred more than 20 years before trial . . . ."); *see also, e.g.*, *id.* (holding that it was not an abuse of discretion to admit under Rule 414 evidence of events that occurred 16 to 20 years before trial). The fourth factor also favors admitting the evidence under Rule 414, as no intervening circumstances suggest that the defendant's interest in sex with minors had waned.

*Second*, the district court acted within its discretion in concluding that the risk of unfair prejudice did not substantially outweigh the probative value. *See* Fed. R. Evid. 403. It properly limited the admissible evidence to the certified judgments of the prior convictions and the text of the laws under which the defendant was convicted, without risking the prejudice that might have resulted from more detailed descriptions of the defendant's prior offenses.

*Third*, the defendant fails to show that the evidence at issue had "a substantial and injurious effect or influence on the jury's verdict" to warrant reversal. *Spoor*, 904 F.3d at 153. After closing arguments, the district court properly instructed the jurors not to act based on their prejudice, bias, or sympathy and not to find the defendant guilty based solely on his other conduct. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). In addition, there was overwhelming independent evidence of guilt: in the video, multiple witnesses identified V-1 and the blue couch that was located in V-1's house and on which the defendant had stayed; the jury watched portions of the video showing the assault on V-1 and listened to a law enforcement officer's testimony that the defendant had made self-incriminating statements that he

4

was the man in the video and that he had filmed the video; and the jury saw a letter that the defendant had sent to V-1's grandfather after the video was discovered, which emphasized that his victim was a girl, not the grandfather's grandson, an assertion consistent with his statements to the law enforcement officer.

We have considered all of the defendant's remaining arguments and found in them no basis for reversal. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk