20-2242-cr
*U.S. v. Nam Vu Bui*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of September, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
　　　　　ROSEMARY S. POOLER,
　　　　　JOSEPH F. BIANCO,
　　　　　　　　*Circuit Judges.*

_____

UNITED STATES OF AMERICA.,

　　　　　　　*Appellee,*　　　　　　　　　20-2242-cr

　　　　v.

NAM VU BUI,

　　　　　　　*Defendant-Appellant.*

_____

FOR APPELLEE:　　　　　　　　　John J. Boscia, *Assistant U.S. Attorney*, (Gregory L. Waples, *on the brief*), *for* Jonathan A. Ophardt, *Acting United States Attorney*, Burlington, VT.

FOR DEFENDANT-APPELLANT:　　　Beverly Van Ness, New York, NY.

Appeal from a judgement of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgement of the District Court be and hereby is **AFFIRMED**.

Defendant Nam Vu Bui ("Bui") appeals from a judgment of conviction in the District Court for the District of Vermont following a jury trial for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Bui was sentenced to 44 months of time served, a felony conviction assessment of $100, and was transferred to Texas to face additional criminal charges. Bui appeals his conviction on the grounds that (1) the District Court erred by permitting certain photographs to be considered as evidence under Federal Rules of Evidence 404(b) and 414 and (2) the District Court erred by allowing a federal agent to offer lay opinion testimony about certain evidentiary exhibits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

(1)

Federal Rule of Evidence 404(b) bars admission of "[e]vidence of any other crime, wrong, or act" to prove a person's character—that is, "propensity" evidence. Fed. R. Evid. 404(b). But such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* When reviewing a district court's admission of Rule 404(b) evidence, we consider whether: "(1) the prior acts evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of unfair prejudice; and (4) the court administered an appropriate limiting instruction." *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (internal quotation marks omitted). In our Circuit, evidence is admitted under Rule 404(b) "unless it is introduced for the sole purpose of showing defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402.*" United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996) (internal quotation marks omitted).

"Rule 414 permits evidence of other instances of child molestation as proof of, *inter alia*, a 'propensity' of the defendant to commit child molestation offenses." *United States v. Larson,* 112 F.3d 600, 604 (2d Cir. 1997). In other words, Rule 414 functions as an "exception to the usual proscription" of Rule 404(b), allowing certain propensity evidence in child molestation cases. *United States v. Davis*, 624 F.3d 508, 512 (2d Cir. 2010). However, the trial court still must evaluate whether Rule 414 evidence violates Rule 403 by being substantially more prejudicial than probative. *Larson*, 112 F.3d at 604-05; *United States v. Spoor*, 904 F.3d 141, 153 (2d Cir. 2018). In Rule 414 cases, the court's Rule 403 analysis should necessarily be informed by factors most relevant in the child molestation context, namely: "(1) the similarity of the prior acts to the acts charged, (2) the closeness

in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Spoor*, 904 F.3d at 154–55 (internal quotation marks omitted).

We review a District Court's admissibility ruling under Rule 404 (b) for abuse of discretion. *Brand*, 467 F.3d at 196. Likewise, we review a District Court's admissibility rulings under Rule 414 for abuse of discretion. *See Larson*, 112 F.3d at 605.

Bui contends that the District Court erred by admitting the so-called "Thumbcache Images." Bui sought to exclude the "Thumbcache Images" as more prejudicial than probative under Rule 403.

A threshold piece of Bui's challenge to the admission of the "Thumbcache Images" boils down to an argument over whether the District Court considered the images "automatically admissible," Appellant's Br. 16, or whether it conducted the required Rule 403 analysis. The record establishes the latter. The record does not show that the District Court suffered under some erroneous belief that admitting the photos was mandatory. Instead, it shows that the District Court understood Bui's argument that admission under Rule 404(b) was still contingent on a Rule 403 analysis and determined that the photos passed muster nonetheless.

Since we are satisfied that the District Court performed the requisite Rule 403 analysis, we look to whether the court "abused its discretion" under either the Rule 404(b) or Rule 414 tests, and easily find that it did not. It was no abuse of discretion to determine that any prejudice Bui suffered did not substantially outweigh the probative value of the "Thumbcache Images." This is especially so given that the District Court entered an appropriate limiting instruction, allowing the jury only to consider the "Thumbcache Images" for their proper purpose and confirming with a special verdict form that the jury had found the "Penny Images," specifically, to constitute child pornography.

As a general matter, because Rule 414 loosens Rule 404(b) under specific circumstances, evidence properly admitted under the latter will also be admitted under the former. *See, e.g., United States v. Vickers*, 708 F. App'x 732, 737 (2d Cir. 2017) (summary order) (finding evidence already deemed admissible under Rule 414 "admissible even under Rule 404(b)"). In light of the probative value of the "Thumbcache Images" and the general circumstances under which they were retrieved from Bui's laptop, their admission under Rule 414 was not an abuse of discretion.

Finally, Bui also argues—briefly and for the first time on appeal—that the testimony of Agent Gibson concerning the "Thumbcache Images" was improperly admitted. We hold that admission of Gibson's testimony was not erroneous. Gibson had rescued one of the victims in the "Thumbcache Images" and substantiated that those images were of a real child—a fact necessary for the images to have probative value with regard to Bui's propensity to possess child pornography. We therefore cannot agree with Bui that this testimony had "little, if any" probative value, Appellant's Br. 18, nor find an abuse of discretion on the part of the District Court for admitting it.

3

(2)

Federal Rule of Evidence 701 limits opinion testimony by a lay witness to testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. We "review a district court's decision to admit evidence, including lay opinion testimony, for abuse of discretion." *United States v. Kaplan*, 490 F.3d 110, 117 (2d Cir. 2007).

Agent Moynihan testified at trial that the countertops and wallpaper in photos showing the face of Bui's girlfriend's sister appeared to her to be the same countertops and wallpaper as in the pictures only showing a girl naked from the waist down in the "Penny Images." The record of Moynihan's testimony indicates to us that it was merely helpful to the jury in coming to its conclusions, rather than impermissible lay opinion evidence that "t[old] the jury what result to reach." *United States v. Garcia,* 413 F.3d 201, 210 (2d Cir. 2005) (internal quotation marks omitted).

In sum, we find no abuse of discretion in its admission.

## CONCLUSION

We have reviewed all of the arguments raised by Bui on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 29, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4