*United States v. Copeland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand and twenty-five.

PRESENT:
> ROBERT D. SACK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges*.

───────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 24-2219

VERNON E. COPELAND III,

> *Defendant-Appellant*.

───────────────────────────────────────

FOR APPELLEE:                                    Timothy Ly, Michael D. Maimin, Assistant United States Attorneys *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

FOR APPELLANT:                                  Nicholas J. Pinto, Esq., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 20, 2024, is **AFFIRMED**.

Vernon Copeland was convicted of three charges arising out of his repeated sexual assaults of his minor daughter. On appeal, Copeland challenges the admission of evidence regarding prior sexual assaults, the sufficiency of the evidence, and his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

### I.        Evidence of Past Sexual Assaults

Pursuant to Federal Rule of Evidence 413, the district court allowed the government to present testimonial and forensic evidence that in the past,

Copeland sexually assaulted three other minors. In particular, the respective victims testified that Copeland raped two of them on Thanksgiving Day in 2004, and that he raped the third, the younger sister of a woman he was dating, in 2010. The government presented forensic evidence that Copeland's DNA was found in semen collected from each of the three victims' clothes.

Copeland contends that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice such that the evidence should have been excluded under Federal Rule of Evidence 403. We review Copeland's Rule 403 challenge to the district court's ruling for abuse of discretion. *See United States v. Morgan*, 786 F.3d 227, 232 (2d Cir. 2015).

"In enacting Rule [of Evidence] 413, Congress intended to create a presumption that evidence of prior sexual assaults . . . is relevant and probative in prosecutions for sexual assault."[1] *United States v. Schaffer*, 851 F.3d 166, 184 (2d Cir. 2017). Such evidence may nevertheless be excluded if "its probative value is substantially outweighed" by a danger of unfair prejudice. *Id.* at 181–82 (quoting Fed. R. Evid. 403).

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

The passage of time between the 2004 assaults and the charged crimes alone does not compel their exclusion. *See United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997). And though those assaults did not arise from the same relationship of trust as Copeland's relationship with his daughter in the charged crimes and his sibling-like relationship with the victim in the 2010 assault, the district court did not exceed its discretion in concluding that all the assaults "suggest a longer standing pattern of forced sexual contact . . . with minor female victims." App'x 36. Finally, as noted by the district court, this evidence of past assaults is "no more inflammatory" than the charged conduct, undercutting any claim of unfair prejudice. App'x 38 (quoting *Schaffer*, 851 F.3d at 183).

## II. Constructive Amendment or Variance from Indictment

We also reject Copeland's contention that the volume of evidence regarding his past sexual assaults and the court's related instructions to the jury amounted to a constructive amendment to or variance from the crimes for which he was charged. Because he did not raise this argument before the district court, we review only for plain error. *United States v. Bastian*, 770 F.3d 212, 219 (2d Cir. 2014).

The only charges presented to the jury for decision were the three charges in the indictment relating to Copeland's abuse of his daughter. And the court

4

properly instructed that, though the jury could consider evidence of prior sexual assaults, it "may not consider this evidence of similar acts as a substitute for proof that [Copeland] committed the crimes charged." App'x 785; *see Schaffer*, 851 F.3d at 183–84. Moreover, the evidence presented about his past assaults did not "far outweigh[] the amount of evidence presented in the case in chief." Copeland Brief 24.

Copeland has not shown constructive amendment because the government's proof neither added "an additional element, sufficient for conviction," nor altered "an element essential to the crime charged." *United States v. Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021). Nor has he shown a variance, because the evidence against him did not "materially differ[] from what was alleged" in the indictment. *Id.* at 294. We see no plain error here.

### III. Sufficiency of the Evidence

We review challenges to the sufficiency of evidence without deference and will "uphold the conviction[s] if any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *United States v. Bramer*, 956 F.3d 91, 96 (2d Cir. 2020). In assessing the sufficiency of the evidence, we "view the evidence in the light most favorable to the government, crediting

every inference that could have been reasonably drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Laurent*, 33 F.4th 63, 75 (2d Cir. 2022).

Copeland's sufficiency challenge fails. His arguments amount to exhortations that we should not credit the testimony of his daughter and should instead credit his witnesses' version of events. Our standard of review requires the opposite. *Id.* And the evidence in this case suffices to sustain Copeland's convictions. His daughter testified that he repeatedly raped her between the ages of nine and thirteen, that he moved her across state lines to do so, and that he used the internet to communicate his sexual intent toward her when she was at her mother's house and not with him. There is ample evidence from which a jury could find that Copeland committed each of the three crimes for which he was convicted.

## IV. The Sentence

We review Copeland's procedural and substantive challenges to his within-Guidelines life sentence under a "particularly deferential form of abuse-of-discretion review." *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023).

As to his procedural challenge, we need not decide whether the district court's imposition of a four-level enhancement pursuant to Sentencing Guideline § 2A3.1(b)(1) or of a two-level enhancement pursuant to § 3C1.1 is erroneous, because any error in the enhancement was harmless.

Even without the inclusion of the two challenged enhancements, Copeland's offense level was calculated to be 47. The Guidelines provide that an "offense level of more than 43 is to be treated as an offense level of 43," as the Guidelines do not list offense levels above 43. U.S.S.G. Ch. 5, Pt. A, Note 2. Because any error here could "have had no impact" on Copeland's Guidelines sentencing range, we need not address his argument. *United States v. Gates*, 84 F.4th 496, 503–04 (2d Cir. 2023); *United States v. Brown*, 843 F.3d 74, 82 (2d Cir. 2016).

As to his substantive reasonableness challenge, we will "set aside a district court's *substantive* [sentencing] determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis in original). "We do not review a sentence's substantive reasonableness to substitute our own judgment for the district court's." *Davis*, 82 F.4th at 200.

Copeland's argument that the court did not properly consider the need to avoid unwarranted sentencing disparities is unpersuasive. Though he points to national data reflecting a median sentence of 360 months for the seventeen offenders with Guidelines calculations like his, the data don't account for individualized factors considered by the district court such as the nature of Copeland's parental relationship to his victim or the duration of the abuse. *See United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) ("Averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity because they do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases.").

Although Copeland suggests that the district court did not sufficiently consider his mental health issues or the treatment he has experienced at the Metropolitan Detention Center, that argument boils down to a disagreement with the district court's decision to afford more weight to other 18 U.S.C. § 3553(a) factors, such as the nature of the offense. Such disagreement does not demonstrate an abuse of discretion where, as here, the within-Guidelines sentence was reasonable in light of all the sentencing factors considered by the district court. *See*

*United States v. Bleau*, 930 F.3d 35, 42 (2d Cir. 2019) ("The weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.").

* * *

For these reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court